In re Sandalio García Ducós.

No. 517.—Decided February 2, 1940.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On November 17, 1939, the Bar Association of Puerto Rico requested this court "to issue an order declaring that we accept as sole guaranty of its functions as surety for the notaries, the bond issued by the Bar Association of Puerto Rico to its members in the sum of $2,500 each, on condition that United States bonds shall be first deposited by it to the amount of $25,000 to secure its responsibility as such surety under any of such bonds."

On the 13th of the following December a hearing was had with the appearance not only of representatives of the Bar Association but also of the Department of Justice and the Superintendent of Insurance.

The court took the matter under advisement and decided, on January 8, 1940, on the grounds stated in an opinion deliv-

ered by Mr. Justice Wolf, to put off the determination of the matter until the Bar Association presented for its approval a notarial bond issued by it. *In re Notarial Bonds issued by the Bar Association*, 55 P.R.R. 773.

Such bond is now presented and it is our duty either to approve or not to approve the same, in accordance with the law and the facts.

Does the Bar Association offer the proper guaranty? In the first place the Legislature by authorizing it to go surety, acknowledged its moral solvency. In the second place, the resolution adopted by the Bar regarding the deposit of the sum of $25,000 adds the material guaranty to the moral solvency. The answer must be in the affirmative.

Now, we think that in order to place the security beyond the risks of an attachment by somebody with a claim against the Bar and to fully apply the same to secure bonds furnished by notaries for the practice of their profession, instead of the bonds being deposited with the secretary of this court they should be given in pledge by means of a public deed and deposited with the Treasurer of Puerto Rico, (sec. 1764 of the Civil Code, 1930 ed., and sec. 91 of the Political Code). Said deed must clearly state the obligations incurred by the Bar and its consent as to the bonds given as a pledge, being answerable at all times for any damages resulting from any act or omission on the part of notaries who have furnished bonds for practicing their profession. If any, or some, or all the bonds were cashed, the amount thereof shall forthwith be replaced with similar ones or with some other surety equally solvent, all of which with the approval of this court.

The above, as far as the guaranty is concerned. As to the drafting of the instrument containing the bond which has been submitted, we will say that the bond shall also be executed in favor of The People of Puerto Rico and in order that the same should be more specifically worded the words "if said Sandalio García Ducós faithfully fulfils, and renders

44

a correct account of all the moneys . . . . . ." must be substituted by the following: "if said Sandalio García Ducós well and faithfully fulfils all the duties imposed on him by law as such notary public and renders a correct account of all moneys . . . . ."

Besides, the signature of the attorney and notary public who furnished the bond and those of the president and of the treasurer respectively of the Bar Association shall be verified, and each of them shall acknowledge their liability by affidavit.

For the foregoing reasons, the approval of the bond submitted shall be withheld for the present.